IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| CARRIE OTWELL | * | CIVIL ACTION NO. 06-1627 |
| VERSUS | * | JUDGE WALTER |
| AARON RENTS, INC. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING AND ORDER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) filed by Plaintiff Carrie Otwell ("Plaintiff") (Doc. No. 7). Defendant Aaron Rents, Inc. ("Defendant") opposes the motion. (Doc. No. 13). For reasons stated below, it is ordered that the motion to strike be **DENIED**.

### BACKGROUND

On September 2, 2006, Plaintiff filed suit against Defendant, her former employer, asserting claims of discrimination and harassment based on race and gender pursuant to the Louisiana Employment Discrimination Law, La.R.S. 23:301, *et seq* ("LEDL"). One of Plaintiff's claims is that the alleged race- and gender-based harassment of her supervisor created a hostile working environment. On November 21, 2006, Defendant filed its Answer which asserted the following affirmative defenses that are currently issue:

#### FIFTEENTH DEFENSE

> Aaron Rents had no knowledge, and should not have had any knowledge, of the alleged harassment of Plaintiff prior to her voluntary resignation and, therefore, was deprived of the opportunity to take prompt remedial action regarding any allegedly unlawful conduct.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

### SEVENTEENTH DEFENSE

> Aaron Rents exercised reasonable care to prevent and to correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any protective or corrective opportunities provided by Aaron Rents to avoid harm otherwise.

Taken together, these two affirmative defenses are commonly referred to as the *Faragher/Ellerth* defense, having been developed as a result of the Supreme Court's rulings in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Plaintiff now seeks to strike Defendant's *Faragher/Ellerth* defense on the basis that the defense is not available under Louisiana law due to the lack of corresponding statutory protection from retaliation.

## LAW AND ANALYSIS

### A. Rule 12(f) Standard

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 767 (N.D.Tex. 2002) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> 'Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purpose of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.'

*Augustus*, 306 F.2d at 868 (citing *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). "A disputed question of fact cannot be decided on motion to strike . . " and, ". . . when there is no showing of prejudicial harm to the moving party, the courts generally are not

2

willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868. When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id*.

B. *Hostile Work Environment Claims and The Faragher/Ellerth Affirmative Defense*

In order to establish a *prima facie* case of a hostile working environment, an employee must allege and prove that: (1) the employee belonged to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment was based on the race (or gender) of the employee; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Chaney v. Home Depot, USA, Inc.*, 941 So.2d 18, 22 (La.App. 4 Cir. 2006). When, as in this case, the hostile work environment complained of was allegedly caused by a supervisory employee, the employer is subject to vicarious liability. *Id.* at 23. However, if a plaintiff is unable to prove that he or she suffered a tangible employment action,[2] the employer is entitled to rely on the *Faragher/Ellerth* affirmative defense, which requires proof of two elements: (1) that the employer exercised reasonable care to prevent and correct promptly any harassing behavior and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Chellette v. State Farm Mutual Automobile Insurance Co.*, 2006 WL 2513918 (W.D.La. 2006) (citing *Ellerth*, 524 U.S. at 761)).

In this case, Plaintiff alleges the she suffered a tangible employment action in the form of

---

[2] A "tangible employment action" consists of a "'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significant different responsibilities, or a decision causing significant change in benefits.'" *Id.* at 22-23 (quoting *Ellerth*, 524 U.S. at 761).

a reduction of wages, loss of benefits, and termination of employment. Defendant, however, denies Plaintiff's claims of reduced wages and loss of benefits, and further contends that Plaintiff was not fired, but rather voluntarily resigned. Plaintiff does not argue that Defendant's *Faragher/Ellerth* defense should be stricken due to her allegation that she suffered a tangible employment action and, given that this is question of fact not properly decided in a motion to strike, such argument would be futile. Rather, Plaintiff argues that the *Faragher/Ellerth* affirmative defense is not available under Louisiana law. Specifically, Plaintiff contends that protection from employer retaliation is an essential component of the *Faragher/Ellerth* defense and, because Louisiana law does not protect an employee from retaliation to the extent that Title VII does, the *Faragher/Ellerth* defense is inconsistent with state law.[3] Plaintiff also contends that La. R.S. 23:303(C), which requires an employee who believes that she has been discriminated against and who intends to pursue court action to give the alleged discriminating party notice of the alleged discrimination and to make a good faith effort to resolve the dispute serves the same policy as the *Faragher/Ellerth* defense and, as such, the defense has no place in Louisiana law.

However, not only does the Plaintiff fail to cite any support for her argument, it is clear from an examination of Louisiana jurisprudence, both state and federal, that the *Faragher/Ellerth* defense is routinely applied to claims arising under the LEDL. *See Chellette,* 2006 WL 2513918 at *12 (granting summary judgment on plaintiff's hostile work environment claim due in part to the fact that the defendant established that it was entitled to the *Faragher/Ellerth* affirmative defense); *Mayo v. Research Analysis & Maintenance, Inc.*, 2006 WL 2113186, *4 ( W.D.La.

---

[3]Plaintiff argues that Louisiana's reprisal statute, La. R.S. 23:967, only prohibits an employer from retaliating against an employee who discloses or threatens to disclose a workplace act that violates state law, while Title VII prohibits retaliation against an employee who reports emergent discriminatory behavior that may not yet be in violation of any law.

4

2006) (applying *Faragher/Ellerth* defense to sexual harassment claims made under La. R.S. 23:332); *Daniels v. Home Depot, Inc.*, 2002 WL 1398643, *6 (E.D.La. June 26, 2002) (granting summary judgment on plaintiff's race discrimination claim under Title VII and La. R.S. 23:301 *et seq.* after finding that defendants had proven *Faragher/Ellerth* defense); *see also Sears v. Home Depot, USA, Inc.*, 943 So.2d 1219, 1233 (La.App. 4 Cir. 2006); *Chaney*, 940 So.2d at 23.

Plaintiff urges that, because Louisiana law does not recognize *stare decisis*, this Court is not bound by the aforementioned authority and may decide this issue anew based on Louisiana's statutory law. However, to do so, the undersigned would not only have to ignore an abundance of apparently well-settled Louisiana case law and persuasive authority from other district courts, but also would have to engage in substantial statutory interpretation. As the Fifth Circuit has instructed, such a substantial question of law as the one presented here is not appropriately decided in the context of a motion to strike. Furthermore, because Plaintiff is free to raise this issue on summary judgment or at trial, the undersigned is unable to discern any prejudice to Plaintiff in allowing Defendant to plead the *Faragher/Ellerth* defense. Therefore, Plaintiff's Motion to Strike (Doc. No. 7) is hereby **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5